JUSTICE WEBER
specially concurs as follows:
I concur with the result in Issue 1, and concur with all of Issue 2.
*315 Under Issue 1, the opinion quotes only Instruction No. 14.1 believe it essential to consider the following additional instructions which were given:
INSTRUCTION NO. 28
A person acts knowingly:
1. when he is aware of his conduct or
2. when he is aware under the circumstances that his conduct constitutes a crime or
3. when he is aware there exists the high probability that his conduct will cause a specific result. [Emphasis supplied.]
INSTRUCTION NO. 29
A person acts purposely with respect to a result or to conduct described by a statute defining an offense if it is the person’s conscious object to engage in that conduct or to cause that result. ... [Emphasis supplied.]
Instructions No. 28 and 29 should be considered along with Instruction No. 14. The pertinent portions of Instruction No. 14 are:
INSTRUCTION NO. 14
In order to convict the defendant of Deliberate Homicide, it is not necessary for the State to prove that the defendant intended to cause death of the victim. Death may not be the intended result, but, if the act which causes the death is done purposely, ... deliberate homicide is committed unless the result is too remote or accidental... [Emphasis supplied.]
The opinion then reached the following conclusions:
Therefore, while our statutory law does not require proof that Rothacher intended the specific result of his act,it does at least require that he intended a similar kind of harm. It is not sufficient, as indicated in Instruction No. 14, that the act which caused the harm be done purposely without regard to whether any harm was intended. ...
The conclusion emphasizes it is not sufficient to prove the act was done purposely without regard to whether any harm was intended. I conclude that Instruction No. 29 satisfies that requirement because it states that a person acts purposely “if it is the person’s conscious object to engage in that conduct or to cause that result.” As a result, I do not agree with the foregoing conclusion of the opinion.
*316 The same basic idea is again set forth in the key conclusion of the opinion as follows:
For these reasons, we conclude that the District Court erred when it instructed the jury that the State merely needed to prove that Rothacher acted purposely, without regard to the result that he intended. To the extent that our prior decisions in Sigler, McKimmie, and Byers are inconsistent with this opinion, they are overruled. District courts should not give a similar instruction in the future.
I disagree with the foregoing conclusion that the District Court erred when it instructed the jury that the State merely needed to prove that Rothacher acted purposely without regard to the result he intended. The matter of the result which Rothacher intended is covered by Instruction No. 29. Under that instruction Rothacher acted purposely if it was his conscious object to engage in that conduct (hitting and kicking the deceased) or to cause the death (of the deceased). When the instructions are read together, I do not conclude that there is a disregarding of the result which Rothacher intended.
I would also emphasize that Instruction No. 28, which defines knowingly, emphasized that it would apply to Rothacher where he is aware there exists a high probability that his acts will cause a specific result — death in this case.
I would affirm the District Court on Issue 1 on the foregoing rationale by considering all instructions given as we are required to do.
CHIEF JUSTICE TURNAGE concurs in the foregoing special concurrence.